**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

TIMOTHY EUGENE WESTER,

      Plaintiff,

v.                                                       Case No. 3:17-cv-886-J-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

      Defendant.

_____

**O R D E R**

This cause is before the Court on the Second Amended Petition for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 43; "Petition"), filed January 5, 2021. In the Petition, Plaintiff's counsel, Chantal J. Harrington, seeks an award of $30,000.00 pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in this matter, minus the $4,683.60 she received under the Equal Access to Justice Act ("EAJA"), for a net fee of $25,316.40. See Petition at 1-3. Defendant does not oppose the relief requested. See id. at 3.

Section 406(b)(1)(A) states in pertinent part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The statute does not impose a twenty-five percent cap on the aggregate of attorney's fees awarded under § 406(a)—which are awarded for work done at the administrative level—and § 406(b). Culbertson v. Berryhill, 139 S. Ct. 517, 519 (2019). Instead, "the 25% cap applies only to fees for representation before the court, not the agency." Id. at 522.

The twenty-five percent ceiling was meant "to protect claimants against 'inordinately large fees' and also to ensure that attorneys representing successful claimants would not risk 'nonpayment of [appropriate] fees.'" Gisbrecht v. Barnhart, 535 U.S. 789, 805 (2002) (citation omitted). Section "406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results . . . ." Id. at 807. To determine the reasonableness of fee agreements, the court considers the agreement itself, in addition to the character and quality of the representation and the results achieved. Id. at 808 (citations omitted).

Here, Plaintiff and Ms. Harrington entered into a fee agreement providing for a fee of twenty-five percent of past-due benefits. See Petition at Ex. 1 (Doc. No. 43-1) (Contract for Federal Court Work). After remand from this Court, the Social Security Administration found Plaintiff disabled from July

2011 through January 2015, see Petition at 1-2 ¶ 2, and awarded him $129,193.32 in past-due benefits: $16,754.82 in total past-due benefits for Supplemental Security Income ("SSI") and $112,438.50 in past-due benefits for Disability Insurance Benefits ("DIB"), see Response to Court Order (Doc. No. 39), filed December 28, 2020, at 1; Amended Declaration of Angela I. Malone (Doc. No. 40; "Malone Declaration"), filed December 28, 2020, at 3 ¶ 9; Declaration of Karly R. Ferguson (Doc. No. 41; "Ferguson Declaration"), filed December 28, 2020, at 2 ¶ 5; Petition at 2 ¶ 7.

The Administration withheld $34,109.63 from Plaintiff's past-due benefits for DIB for payment of attorney's fees, see Ferguson Declaration at 2 ¶ 5, but it did not withhold any funds from Plaintiff's past-due benefits for SSI, see Malone Declaration at 3 ¶ 10. Out of the $34,109.63 that were withheld from Plaintiff's DIB past-due benefits, $6,000.00 were used to pay Plaintiff's counsel at the administrative level. See Ferguson Declaration at 2 ¶ 5. The remaining amount—$28,109.63—constitutes twenty-five percent of Plaintiff's DIB past-due benefits.

However, as noted, counsel seeks $30,000.00. This request appears to be based on Defendant's assertion that the Administration withheld twenty-five percent of Plaintiff's total past-due benefits (which would have been $32,298.33), plus the $6,000.00 that was paid to Plaintiff's administrative

counsel. See Response to Court Order at 1-2; Petition at 2 ¶ 4. The Declarations provided by Defendant and summarized above, however, do not support this conclusion.

Based on the foregoing, the amount of withheld funds that remain for payment of attorney's fees ($28,109.63) is not sufficient to pay counsel's requested fee ($30,000.00). The Petition is thus due to be granted only to the extent that counsel be awarded $28,109.63. As to the remaining $1,890.37, the Court cannot order the Administration to pay such a fee out of its own funds. See Booth v. Comm'r of Soc. Sec., 645 F. App'x. 455, 458 (6th Cir. 2016). To the extent the Administration should have withheld a greater portion of Plaintiff's past-due benefits, see Culbertson, 139 S. Ct. at 523, Ms. Harrington may request the Administration to commence overpayment proceedings to recover the funds from Plaintiff on her behalf. See Booth, 645 F. App'x. at 459; Culbertson, 139 S. Ct. at 523 (stating that "[a]ny concerns about a shortage of withheld benefits for direct payment and the consequences of such a shortage are best addressed to the agency, Congress, or the attorney's good judgment"); 42 U.S.C. § 404(a)(1)(A) (providing for recovery of overpayments); 20 C.F.R. § 404.501(a)(8) (permitting adjustments for overpayment in cases in which "a payment of past due benefits is made to an individual and such payment had not been reduced by the amount of attorney's fees payable directly to an attorney . . . ."); Soc. Sec. Admin.,

Program Operations Manual System ("POMS"), [1] GN 03920.055, https://secure.ssa.gov/apps10/poms.nsf/lnx/0203920055 (last visited January 14, 2021) (explaining procedures for recovering accidentally disbursed funds for payment of attorney's fees).

Upon review of the representations made in the Petition and all supporting documentation submitted by counsel and Defendant, and upon consideration of the quality of the representation and the results achieved, it is

**ORDERED**:

1. The Second Amended Petition for Award of Attorney's Fees Under 42 U.S.C. § 406(b) (Doc. No. 43) is **GRANTED in part** and **DENIED in part**.

2. The Petition is **GRANTED** to the extent that Plaintiff's counsel, Chantal J. Harrington, is awarded $28,109.63 pursuant to 42 U.S.C. § 406(b), minus the $4,683.60 already received by counsel as EAJA fees. The net award of $23,426.03 shall be paid to counsel from the past-due benefits awarded to Plaintiff.

3. The Petition is otherwise **DENIED**.

4. The Clerk of the Court is directed to enter judgment accordingly.

---

[1] The POMS is a "publicly available operating instructions for processing Social Security claims." Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 385, (2003). "While the POMS does not have the force of law, it can be persuasive." Stroup v. Barnhart, 327 F.3d 1258, 1262 (11th Cir. 2003).

5. The file shall remain closed.

**DONE AND ORDERED** in Jacksonville, Florida on January 14, 2021.

                                                                        JAMES R. KLINDT
                                                                      United States Magistrate Judge

bhc
Copies to:
Counsel of Record